AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 22-MJ-6200____-01-KGG
Information associated with Kik Account )
BNicole9587, as further described in Attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information associated with Kik Account
BNicole9587, as further described in Attachment A

located in the _____Central_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  x evidence of a crime;
  x contraband, fruits of crime, or other items illegally possessed;
  x property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Production of Child Pornography |
| 18 U.S.C. § 2252/2252A | Offense relating to the Sexual Exploitation of Children (Child Pornography) |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

John V. Ferreira, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence. *telephonically*

Date: Jul 28, 2022

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Kenneth G. Gale, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC). Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C.§§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(I)(A) and 2703(c)(1)(A) to require KIK c/o MEDIALAB.AI INC., (Kik) to disclose to the government records and other information in its possession, further described in Attachment B, pertaining to the accounts, further described in Attachment A.

3. As will be shown below, there is probable cause to believe that the identified Kik account has been involved in the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I submit this application and affidavit in support of a search warrant authorizing the search of the account described in Attachment A. I seek authorization to examine the account to seize evidence, fruits, and instrumentalities, relating to the aforementioned criminal violations, and as further described in Attachment B.

4. The statements in this affidavit are based in part on information provided by Kik, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) may be found in the account(s) described in Attachment A.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).

Specifically, the Court is "a District court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## TECHNICAL INFORMATION REGARDING KIK.

6. Kik is a free-access social-networking application owned by the company Medialab.ai Inc. and is available free of charge on iOS and Android operating systems. Kik allows its users to create their own profile, which can include a photo of themselves and other information. Users can access Kik through a special electronic application ("app") created by the company that allows users to access the service through a mobile device. It uses a mobile device's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username.

7. Kik permits users to share photos and videos through its messaging service. Upon creating a Kik account, a Kik user must create a unique Kik username and an account password. This information is collected and maintained by Kik. Kik asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. Kik collects and maintains this information.

8. Kik also allows users to maintain contact lists of other Kik users who they actively communicate with directly or in groups. Kik provides the availability to join group chats with other users who may not be on their contact list. Photos and videos can be shared to the group or directly between contacts.

9. For each user, Kik also collects and retains information, called "log file" information, every time a user requests access to Kik, whether through a web page or through an app. Among the log file information that Kik's servers automatically record is the particular web requests, any IP address associated with the user, users account, and dates and times of access.

10. Kik also collects information on the particular devices used to access Kik. In particular, Kik may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Kik.

## PROBABLE CAUSE

11. This investigation began with a CyberTipline Report which was later connected to Brandi Snyder in Americus, Kansas.

12. On or about November 8, 2021, Snapchat submitted Cyber Tip Report number 106406735 to the National Center for Missing and Exploited Children (NCMEC), advising it had detected a user, "beautifulcat87", uploading files of child pornography to Snapchat's servers. Snapchat report provided the user's identifiers, which included the user's email (bnsnyder67@gmail.com), the user's date of birth (which matched Brandi Snyder's DOB), and a user login IP address. The Cyber Tip Report also included the uploaded files:

    a. Photo number one, with file name beautifulcat87-None-e9462d1d-a2a2-52df-8a85-c523095d3c83~5-5a13d1a705.jpg, depicted a prepubescent white female lying on her back. A white male was spreading the white females' buttocks with his left hand exposing the anus. Her vagina was also exposed. The male's penis was exhibited in the picture.

      b. Photo number two, with file name beautifulcat87-None-e9462d1d-a2a2-52df-8a85-c523095d3c83~80-2fe997665b.png, depicted a prepubescent white female lying on her back with a white male inserting his penis into her vagina.

13. Detective McMahon obtained a search warrant from the Sedgwick County District Court for the Snapchat account, "beautifulcat87."

14. In response to the search warrant, Snapchat identified the account owner as Brandi Nicole Snyder. Snapchat also provided an associated phone number of (785) 466-1052 and email account "bnsnyder67@gmail.com". Snapchat also provided content, which included the two reported files as well as an additional image depicting a prepubescent female subjected to a sex act with an adult. The content also included a depiction of Brandi Snyder.

15. Detective McMahon was able to identify Brandi Nicole Snyder, xx/xx/1987. Further investigation suggested Snyder was residing in Americus, Kansas with her father.

16. On January 27, 2022, Detective McMahon made contact with Brandi at her father's residence 102 Main St, lot #16 Americus, Kansas. Brandi was located and agreed to talk with Detective McMahon in his car for privacy.

17. During that conversation, Brandi identified herself and confirmed she was the Snapchat account user "beautifulcat87." She identified her cellphone as an unknown model Motorola cellphone and confirmed her phone number as (785) 466-1052.

18. Relative to her Snapchat account, Brandi admitted she received photos and that she was part of an online chat group through Snapchat, that involved BDSM and fantasy role play involving children. Detective McMahon asked Brandi how many photos or images she had

been sent, and she advised "lots." Brandie was then asked if she had ever sent those photos or images to other people, which she replied, "Yes, dozens of times."

19. Brandi did not have the cellphone in possession, stating she had lost it describing a situation where the phone was left on the roof of her car and destroyed. Unbeknownst to Brandi, investigators inquired of her father if Brandi's phone was at his residence, and he provided it to investigators who in turn provided it to Detective McMahon who was interviewing Brandi in his car. Detective McMahon, using the phone number provided by Brandi, was able to confirm the phone belonged to her. Brandi, once confronted with the ringing phone, admitted it belonged to her.

20. When Detective McMahon requested her passcode to access the phone, Brandi advised she did not want to provide it due to photos of herself being on the phone. Brandi did, however, provide the passcode so investigators could put the phone into "airplane mode."

21. Following the interview of Brandi, Detective McMahon then obtained a search warrant on January 28, 2022, from Sedgwick County District Court to search the phone, which was a blue Motorola Moto E, serial number ZY22BPSNZQ.

22. The blue Motorola cell phone was examined by the ICAC Digital Forensics Unit. From that examination, over 100 images of interest were located which depicted prepubescent children subjected to sexual acts or exhibiting their genitals. More than 70 of these images were "cache" images. Of particular concern were three images of a 2-3 year old child, of known relation to Brandi Snyder, which were co-located with the cached child pornography images. These three images depicted: 1) the child's face, such that the child

is easily identifiable, wearing a red shirt; 2) a depiction of a child's exposed genitals, which does not show the child's face but shows a red shirt, and the depicted child's age, gender, and race is consistent with the first picture, and 3) a picture showing an adult hand manipulating the buttocks of a child (of consistent age, gender, and race) to focus on the anus, and the adult hand appears consistent with characteristics seen of Brandi's hand in images where she appears to manipulate her own genitals. The presence of these images, along with other child pornography and her admitted involvement in conversing with others about sex with children, suggest that Brandi may be producing images of child pornography involving the 2-3 year old child.

23. Of the 100 images of interest, roughly 30 images were not cache images and had a file path that included ".privacy safe/picture" in the file path.

24. A search of installed applications resulted in locating at least one application that hid or disguised images and videos. The device included an application which purported to be a calculator, but with the entry of a password, allowed the user to access and store files in an encrypted folder. Investigators were able to discern the password and gain access to the gallery, which included images that appeared to include Brandi Snyder as well as depictions of prepubescent females subjected to penetrative sex acts.

25. Within the cache images, investigators found file-path information indicating that files, depicting prepubescent females (displaying their exposed genitals or being subjected to penetrative sex acts), were either sent or received using the "Kik" application, which was found to be an installed application on the device.

26. Investigators located the Kik application on the device and found the following account information:

    a. Name: Brandi Snyder

    b. User Name: BNicole9587 (**TARGET ACCOUNT**)

    c. Associated email address: brandisnyder87@yahoo.com.

    The device, via the application, indicated the account was 454 days old (indicating the account had been operational for roughly a year and a half, around April 2021).

27. During his investigation, Detective McMahon learned that another ICAC detective was investigating a different Snapchat account that appeared connected to Brandi Snyder, under her maiden of McDiffett. More specifically, on October 5, 2021, Snapchat reported in Cyber Tip 1037838804 that it had detected the user of "mcdiffett87" sending an image depicting an adult male, with his penis exposed, spreading the naked buttocks of a prepubescent female to expose the child's anus and genitals. As part of its report, Snapchat identified the user with an associated email of "brandisnyder87@yahoo.com," as well as IP address information.

28. Detective Mackey obtained a search warrant for Snapchat user account "mcdiffett87" from the Sedgwick County District Court. The search warrant results were provided to Detective Mackey from Snapchat and contained 17 images, some of which depicted prepubescent children subjected to sexual acts. The IP address used to access the Snapchat account on December 1, 2021 at 14:40:27 hours was 166.181.86.129, which was maintained by US Cellular.

29. Detective Mackey obtained a search warrant for Yahoo user account "brandisnyder87@yahoo.com" from the Sedgwick County District Court. The search warrant results were provided to Detective Mackey from Yahoo. The contents contained a variety of emails, which provided information related to Brandi Snyder. Some of the information contained the name "Brandi Nicole Snyder", the phone number 785-466-1052, which is a US Cellular phone number.

## CHARACTERISTICS OF CHILD PORNOGRAPHERS

30. From my own observation and experience, as well as conversation with other experienced investigators, including those at the Kansas ICAC, I have learned the following regarding child pornography offenders.

31. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature. In this investigation, Brandi Snyder has exhibited an interest in the sexual exploitation of children, and appears to have found like-minded offenders on Kik and Snapchat.

32. The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children. In this investigation, Brandi Snyder

Page **9** of **16**

appears to have created, distributed, received and retained images of minors engaged in sex acts, including on her device, for usage via social media, including Kik and Snapchat.

33. The majority of individuals who collect child pornography often seek out likeminded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior. The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used. In this case, Brandi Snyder appears to have found like-minded offenders on Kik and Snapchat, and likely has used additional means of communication or sharing to avoid the likelihood of detection.

34. The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or commercial profit. This is particularly true where, as here, the individuals are in contact with other like-minded offenders.

35. Because of the many characteristics which Brandi Snyder manifests (discussed above), the Kik account created and operated by Brandi Snyder is likely to contain evidence of the above-described criminal activity, including: stored child pornography; messaging

involving child pornography; and evidence associated with user attribution for the accounts (such as IP information, registration information, and message content that may explain who operated the account at a given time).

## DESCRIPTION OF ITEMS TO BE SEARCHED

36. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), by using the warrant to require Kik, Inc. to disclose the information described in Attachment B (part I), for the account(s) described in Attachment A, which will be searched for evidence of the crimes described herein and as described in Attachment B (part II).

## CONCLUSION

37. Based on the foregoing facts, there is probable cause to believe the above-identified account(s) (further described in Attachment A) have been used to facilitate or commit the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and that evidence of those criminal offenses will be located in the account(s) described above. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

38. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the account, listed in Attachment A, for the evidence listed in Attachment B.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, on *telephonically* Jul 28, 2022, 2022.

KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
*Property to be searched*

The property to be searched is the account identified as:

Name: **Brandi Snyder**

User Name: **BNicole9587**

Associated email address: **brandisnyder87@yahoo.com**

that is stored at premises owned, maintained, controlled, or operated by KIK c/o MEDIALAB.AI INC., headquartered at 1237 7th Street, Santa Monica, CA 90401.

## ATTACHMENT B
*List of Items to be Searched for and Seized*

### I. Information to be disclosed by KIK C/O MEDIALAB.AI INC.

To the extent that the information described in Attachment A is within the possession, custody, or control of MediaLab, Inc., regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to MediaLab, Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), MediaLab, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A.

The account (identified hereafter as **BNicole9587**) information shall include, but not be limited to:

1. Subscriber data, unrestricted by date, associated to the Kik account, including:

    a. Basic current subscriber information provided by the user, such as current first and last name and email address

    b. Link to the most current profile picture

    c. Device related information

    d. Account creation date and Kik version

    e. Birthdate and email address used to register the account

    f. User location information

2. IP addresses associated to the Kik account from April 1, 2021 to the current date including remote port information;

3. All transactional chat logs associated to the Kik account from April 1, 2021 to the current date;

4. All images and videos associated to the Kik account, including the unknown usernames and IP address associated to the sender of the images and videos from April 1, 2021 to the current date;

5. A date-stamped log showing the usernames that the Kik account added and/or blocked from April 1, 2021 to the current date;

6. All abuse reports associated to the Kik account, including the unknown usernames from April 1, 2021 to the current date;

7. All emails associated to the Kik account from April 1, 2021 to the current date;

8. Information of any and all groups the Kik account accessed, whether public or private, to include all available chats, images, videos, nicknames and Kik usernames of other group participants, from April 1, 2021 to the current date.

**Kik is hereby ordered to disclose the above information to the government within 14 DAYS of issuance of this warrant. (Kik may request an extension, and such extension may be authorized by the receiving agent or agency, John Ferreira of HSI.)**

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2251, 2252A(a)(2) and 2252A(a)(5)(B), as described in the Affidavit, including information pertaining to the following matters:

1. The identity of the person(s) who created or used the Kik account, including records that help reveal the whereabouts of such person(s) at the time of such creation and use;

2. Evidence indicating how and when the Kik account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Kik account owner;

3. Evidence indicating the Kik account owner's state of mind as it relates to the crimes under investigation;

4. Evidence of visual depictions of minors engaged in sexually explicit conduct, child pornography, and child erotica;

5. Evidence of communications pertaining to child pornography, child sexual abuse, and child sexual exploitation;

6. Evidence pertaining to operation of, or communication with, the Kik, Snapchat, Gmail, and Yahoo accounts described in the attached affidavit.

### III. Method of delivery

Notwithstanding 18 U.S.C. §§ 2251, 2252 and 2252A or any similar statute or code, KIK c/o MEDIALAB.AI INC. shall disclose responsive data by sending, on any digital media device, to:

> Special Agent John V. Ferreira, Homeland Security Investigations
> C/O: Kansas Internet Crimes Against Children Task Force
> 1211 S. Emporia
> Wichita, Kansas 67211

or emailing to John.V.Ferreira@ice.dhs.gov.